MICHAEL K. GRACE (SBN 126737)
mgrace@gracelaw.com
JILL M. ABASTO (SBN 190622)
jabasto@gracelaw.com
GRACE & GRACE LLP
444 South Flower Street, Suite 3875
Los Angeles, California 90071
Telephone: (213) 452-1220
Facsimile: (213) 452-1222

Attorneys for Plaintiff
Celestron Acquisition, LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CELESTRON ACQUISITION, LLC, a Delaware limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>NEXTAR, INC., a California corporation; NEXTAR (HONG KONG) LIMITED, a Hong Kong corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  CV 07-05368 DDP (JCx)<br><br>[Hon. Dean D. Pregerson, Judge Presiding]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Note Changes Made By Court] |

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff Celestron Acquisition, LLC and defendants Nextar, Inc. and Nextar (Hong Kong) Limited (the "parties"), through the parties' respective counsel of record, hereby stipulate and agree that discovery in this action ~~(and any further actions among these parties)~~ may involve requests for the production of information and documents that

1

**STIPULATED PROTECTIVE ORDER**

the responding parties consider to be confidential, proprietary or competitively sensitive. The parties believe that a protective order restricting the use and dissemination of confidential, proprietary, and competitively sensitive information and documents is necessary and appropriate to facilitate discovery and litigation in this action. The parties also believe that such an order is necessary and appropriate to enable the parties to conduct relevant discovery of non-parties that may have similar concerns regarding their confidential, proprietary or competitively sensitive information and documents.

GOOD CAUSE EXISTS FOR THE ISSUANCE OF THIS ORDER: The parties have propounded discovery and it appears that many of the documents subject to disclosure contain confidential, proprietary or competitively sensitive information such that good cause exists to protect the disclosure of such documents. These voluminous documents include, but are not limited to, confidential commercial information, financial information, employee information, customer information, contractor and vendor information, marketing plans, business plans, license agreements, distribution agreements, manufacturing agreements, engineering and manufacturing drawings, merchandising information, development information, budgets, profit and loss information, and corporate asset information the disclosure of which could cause competitive harm to the producing party.

In determining the scope of information which a party may designate as its confidential information, each party acknowledges the importance of client access to all information material to client decision making in the prosecution or defense of litigation, and therefore agrees that designations of information as confidential information and responses to requests to permit further disclosure of confidential information shall be made in good faith and (1) not to impose a burden or delay on an opposing party, or (2) not for tactical or other advantage in litigation. Further, each party shall avoid as much as the possible inclusion of confidential

2
**STIPULATED PROTECTIVE ORDER**

information in briefs and other captioned documents filed in court, in order to minimize sealing and designating documents as such.

Accordingly, it is hereby stipulated and agreed by and among the parties in the above-entitled action, through the parties' respective counsel, as follows:

1.  Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any information that is publicly available should not be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." A document should be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" when it contains or reflects confidential business information, including but not limited to information which the disclosing party or non-party believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractor or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.

2.  Information or documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be limited to trade secrets (as defined in California Civil Code § 3426.1) or other confidential commercial information, including information that the disclosing party or non-party believes in good faith will result in competitive disadvantage or harm if disclosed to another party or third party to this action. and shall include marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, engineering and manufacturing drawings, employee files, customers' identities and personal information, merchandising, research and

1 development of products not yet released or sold, correspondence and agreements
2 with actual or prospective customers or vendors, financial information or
3 projections, including, without limitation, budgets, revenue, profits, costs,
4 liabilities, or other documents relating to revenue earned and asset information
5 that is not public knowledge, and actual or prospective customer lists.

6     3.    Information designated "CONFIDENTIAL" or "CONFIDENTIAL –
7 ATTORNEY'S EYES ONLY" may be used only in connection with this
8 proceeding and not for any other purpose. Such information may not be disclosed
9 to anyone except as provided in this Protective Order.

10     4.    Any party or non-party wishing to come within the provisions of this
11 Protective Order may designate in writing the documents (as defined in Fed. R.
12 Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers
13 confidential at the time the documents are produced. Each page of the document
14 must be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S
15 EYES ONLY" by the producing party, and any confidential documents
16 exchanged prior to this Protective Order being entered by the Court shall, within a
17 reasonable time hereafter, be so marked on each such page, if such markings do
18 not include every such page. It is the intent of the parties that each document
19 previously designated as "CONFIDENTIAL" or "CONFIDENTIAL –
20 ATTORNEY'S EYES ONLY" and transmitted to the respective other party,
21 including any such documents and information exchanged for settlement
22 purposes, are to be covered by this Protective Order. "CONFIDENTIAL" or
23 "CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or things that
24 cannot be reasonably labeled pursuant to this paragraph shall be so designated by
25 the producing party by informing the receiving party in writing.

26     5.    In the instance of deposition testimony, the witness under deposition
27 or his counsel shall invoke the provisions of this Protective Order in a timely
28 manner and designate the level of restriction. During the deposition, parties shall

GRACE & GRACE LLP
444 South Flower Street, Suite 3875
Los Angeles, CA 90071

1  be excluded from testimony designated "CONFIDENTIAL – ATTORNEY'S
2  EYES ONLY."  The witness under deposition or his counsel shall have the right,
3  within thirty days of receiving a transcript of the deposition, to designate, or
4  change, the confidentiality designation of the transcript or portions thereof.  For
5  depositions with some confidential and some non-confidential documents or
6  testimony, a separate confidential transcript, apart from the usual transcript, shall
7  be prepared by the court reporter and counsel for the party asserting that certain
8  documents or testimony is confidential.
9        6.    Any documents, discovery responses or deposition transcripts
10 stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as well as any
11 copies or excerpts thereof, or analyses or reports that pertain thereto, and any
12 deposition testimony or portion thereof marked as "CONFIDENTIAL" or
13 "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be made available only
14 to:
15       a.    Attorneys of record for the receiving party and employees of
16 such attorneys on a need to know basis;
17       b.    Judges, law clerks and other personnel of the Court before
18 which this proceeding is pending;
19       c.    Independent experts and consultants retained by the attorneys
20 for purposes of the litigation that are not directly associated with a party
21       d.    Court reporters and their staff that are required to transcribe
22 testimony; and
23       e.    Outside litigation support vendors, including commercial
24 photocopying vendors, scanning services vendors, coders and keyboard operators.
25       7.    Any documents, discovery responses or deposition transcripts
26 stamped "CONFIDENTIAL," as well as any copies or excerpts thereof, or
27 analyses or reports that pertain thereto, and any deposition testimony or portion
28 thereof marked as "CONFIDENTIAL," may be made available only to:

**GRACE & GRACE LLP**
444 South Flower Street, Suite 3875
Los Angeles, CA 90071

1       a.     A party, or any officer, director, or employee of a party
2 deemed necessary by counsel to aid in the prosecution, defense, or settlement of
3 this action;
4       b.     Attorneys of record for the receiving party and employees of
5 such attorneys on a need to know basis;
6       c.     Judges, law clerks and other personnel of the Court before
7 which this proceeding is pending;
8       d.     Independent experts and consultants retained by the attorneys
9 for purposes of the litigation that are not directly associated with a party;
10      e.     Court reporters and their staff that are required to transcribe
11 testimony; and
12      f.     Outside litigation support vendors, including commercial
13 photocopying vendors, scanning services vendors, coders and keyboard operators.

14     8.     For purposes of this Protective Order, an expert witness shall not be
15 deemed to be "independent" if he or she is (a) a party to this litigation, or an
16 officer, shareholder, owner, manager, partner, agent distributor, seller,
17 representative, advertiser, promoter, independent contractor, affiliate, director,
18 employee, former employee or contractor, or relative of a party to this litigation,
19 or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest,
20 related entity or affiliate; (b) an officer, shareholder, owner, manager, partner,
21 agent distributor, seller, representative, advertiser, promoter, independent
22 contractor, affiliate, director, employee, former employee or contractor, or
23 relative of a direct competitor to a party to this litigation, or the competitor's
24 parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or
25 affiliate.

26     9.     Each person permitted by the parties or their counsel to have access
27 to designated information or documents under the terms of this Protective Order
28 (other than the persons identified in Paragraphs 6(a), 6(b), and 6(d) and 7(b), 7(c),

**GRACE & GRACE LLP**
444 South Flower Street, Suite 3875
Los Angeles, CA 90071

6
**STIPULATED PROTECTIVE ORDER**

1  and 7(e)) shall, prior to being given such access, be provided with a copy of this
2  Protective Order for review.  No such person may have access to such designated
3  information or documents unless, upon ~~Upon~~ receiving this Protective Order,
4  each such person ~~shall~~ sign s a statement in the form of Exhibit A hereto
5  indicating that he or she has read the Protective Order and agrees to comply with
6  its terms.

7        10.    The restrictions set forth in this Protective Order shall not apply to
8  information that is known to the receiving party or the public before the date of its
9  transmission to the receiving party, or which becomes known to the public after
10 the date of its transmission to the receiving party, provided that such information
11 does not become publicly known by any act or omission of the receiving party, its
12 employees, or its agents that would be in violation of this Protective Order.

13       11.    Any document or evidence that is designated as containing
14 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"
15 information and that a party wishes to file with the Court shall be presented to the
16 Court along with a written application and proposed order for filing under seal
17 according to the procedures set forth in Local Civil Rule 79-5.  Furthermore, any
18 such document or evidence so presented to the Court shall be placed in a sealed
19 envelope or other appropriate sealed container marked on the outside with the
20 title of the instant action, and a statement substantially in following form:

21                             CONFIDENTIAL
22       This document is subject to a Protective Order issued by
23       the Court and may not be examined or copied except in
        compliance with that Order.
24

25       12.    If, at any time during the preparation for trial, any party believes that
26 any other party or non-party has improperly designated certain information as
27 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or
28 believes that it is necessary to disclose designated information to persons other

GRACE & GRACE LLP
444 South Flower Street, Suite 3875
Los Angeles, CA  90071

7
**STIPULATED PROTECTIVE ORDER**

1 than those permitted by this Protective Order, and the producing party does not
2 agree to change the designation or to the further disclosure, the objecting party
3 may make an appropriate motion to the Court requesting that the specifically
4 identified documents, information and/or deposition testimony be excluded from
5 the provisions of this Protective Order or be available to specified other persons.
6 It shall be the burden of the party that makes the designation to demonstrate that
7 the material or information at issue was properly designated.  It shall be the
8 burden of the party seeking the disclosure to persons other than those designated
9 in this Protective Order to show that such disclosure is necessary.  Such motion
10 shall be governed by Local Rule 37.

11       13. In the event that a party is served with a subpoena by any person,
12 firm, corporation, or other entity that is not a party to this action, is not a
13 signatory to this Protective Order or otherwise is not bound by this Protective
14 Order, that seeks to compel production of "CONFIDENTIAL" or
15 "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or documents,
16 the party upon whom the subpoena is served shall give written notice of the
17 subpoena to the party that has asserted that the information or documents subject
18 to the subpoena are "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S
19 EYES ONLY."  The written notice required by this paragraph shall be given no
20 later than seven days after receipt of the subpoena, or before the production date
21 set forth in the subpoena, whichever is earlier.  The party who designated the
22 subject information or documents as "CONFIDENTIAL" or "CONFIDENTIAL –
23 ATTORNEY'S EYES ONLY" shall have the responsibility to seek to obtain an
24 order from the issuing Court quashing the subpoena, a protective order, and/or
25 such other relief as will protect the confidential nature of the subject information
26 or documents.  Nothing in this order relieves a party of an obligation to comply
27 with a lawful order or a subpoena.  ~~If such a motion is filed before the requested~~
28 ~~production date, the party upon whom the subpoena, discovery request, or order is~~

GRACE & GRACE LLP
444 South Flower Street, Suite 3875
Los Angeles, CA 90071

1 ~~served shall not produce the subject information or documents requested in the~~
2 ~~subpoena, discovery request, or order until after such time as the Court rules on~~
3 ~~the motion to quash the subpoena or motion for protective order. If an order~~
4 ~~quashing the subpoena or motion for protective order is obtained, the party upon~~
5 ~~whom the subpoena, discovery request, or order is served shall comply with the~~
6 ~~order. If no motion to quash or motion for protective order is filed before the~~
7 ~~scheduled production date set forth in the subpoena, discovery request, or order,~~
8 ~~or if the motion to quash the subpoena or motion for protective order is denied,~~
9 ~~the party upon whom the subpoena, discovery request, or order is served may~~
10 ~~comply with the same without being deemed to have violated this Protective~~
11 ~~Order.~~

12        14.    The Protective Order may be modified only in writing by the parties
13 and approved by an order of the Court.

14        15.    Upon termination of this proceeding, unless the attorneys of record
15 otherwise agree in writing, each party shall (a) assemble and return all designated
16 materials, including copies to the person(s) and entity(ies) from whom the
17 material was obtained, or (b) destroy all designated materials and provide the
18 other party with written certification that such destruction was made. The
19 attorney of record may retain one copy of any designated materials, to be kept
20 confidentially, and retain all copies of designated materials containing attorney
21 work product information.
22 //
23 //
24 //
25 //
26 //
27
28

GRACE & GRACE LLP
444 South Flower Street, Suite 3875
Los Angeles, CA 90071

9
**STIPULATED PROTECTIVE ORDER**

16. This Protective Order shall not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

Respectfully submitted,

DATED:  February 12, 2008        GRACE & GRACE LLP


                                             /s/
                              Jill M. Abasto
                              Attorneys for Plaintiff
                              Celestron Acquisition, LLC

DATED:  February 12, 2008        LEADER KOZMOR GORHAM LLP


                                             /s/
                              Gary J. Gorham
                              Attorneys for Defendants
                              Nextar, Inc. and Nextar (Hong Kong) Limited

**GRACE & GRACE LLP**
444 South Flower Street, Suite 3875
Los Angeles, CA  90071

**ORDER**

1. IT IS SO ORDERED.

DATED: March 3, 2008

              /s/
            Hon. Jacqueline Chooljian
            United States Magistrate Judge

**GRACE & GRACE LLP**
444 South Flower Street, Suite 3875
Los Angeles, CA 90071

11

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A
## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____, state that:

I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" within the terms of the Protective Order entered in the U.S. District Court, Central District of California case entitled *Celestron Acquisition, LLC v. Nextar, Inc. et al.*, Case No. CV 07-05368 DDP (JCx).

I have received a copy of the Protective Order in this action, a copy of which is attached hereto. I have carefully read and understand the provisions of the Protective Order.

I hereby agree to be bound by and will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any information subject to the Protective Order that is disclosed to me. Upon termination of this action, I will return all confidential information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Protective Order.

I declare the foregoing is true under penalty of perjury under the laws of the State of California and the United States of America.

DATED:_____    _____
                                  Signature

                                 _____
                                  Typed or Printed Name

12
**STIPULATED PROTECTIVE ORDER**

**GRACE & GRACE LLP**
444 South Flower Street, Suite 3875
Los Angeles, CA  90071